IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

EUGENE TAYLOR, SR.

     *Plaintiff,*

  v.

LVNV FUNDING, LLC, MARLETTE
SERVICING, LLC, *and* BLUE RIDGE
BANKSHARES INC.,

   *Defendants.*

Case No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, EUGENE TAYLOR, SR., ("Mr. Taylor"), by and through

his attorneys, Seraph Legal, P.A., and complains of the Defendants, LVNV FUNDING, LLC

("LVNV"), MARLETTE SERVICING, LLC ("Marlette"), and BLUE RIDGE BANKSHARES,

INC. ("Blue Ridge Bank") (collectively, the "Defendants"), stating as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages exceeding $8,000 but less than $50,000, exclusive of

fees and costs, brought by Mr. Taylor against the Defendants for violations of Florida's *Civil*

*Remedies for Criminal Practices Act*, § 772.101, Fla. Stat., *et seq.* ("CRCPA"), the *Florida*

*Consumer Collection Practices Act*, § 559.55, Fla. Stat., *et seq.* ("FCCPA"), and the *Fair Debt*

*Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the CRCPA, §

772.104, Fla. Stat., the FCCPA, § 559.77, Fla. Stat., and § 34.01, Fla. Stat.

3.     The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193,

Fla. Stat.

4.      Venue is proper in Polk County, Florida, pursuant to § 47.051, Fla. Stat., because the acts complained of were committed and/or caused by the Defendant therein.

## PARTIES

### Mr. Taylor

5.      Mr. Taylor is a natural person residing in the City of Lakeland, Polk County, Florida.

6.      Mr. Taylor is *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, § 559.55(8), Fla. Stat.

### LVNV

7.      LVNV is a Delaware limited liability company with a principal business address of 6801 S. Cimarron Rd., Suite 424-J, Las Vegas, NV 89113.

8.      LVNV is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9.      LVNV is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("CCA"), holding license number CCA9902540.

10.     As a licensed CCA, LVNV knows, or should know, the requirements of the FDCPA and the FCCPA.

11.     LVNV is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and the FCCPA, § 559.55(7), Fla. Stat., in that it uses an instrumentality of commerce, including the internet and postal mail, interstate and within the state of Florida, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Page **2** of **22**

## MARLETTE SERVICING, LLC

12.     Marlette is a Delaware limited liability company with a principal business address of 3419 Silverside Rd, Wilmington, DE 19810.

13.     Marlette's Delaware registered agent is Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

14.     Marlette is a subsidiary of Marlette Funding, LLC.

15.     Marlette Funding, LLC is registered to conduct business in the state Florida where its registered agent is CT Corporation System 1200 South Pine Island Road, Planation, FL 33324.

## BLUE RIDGE BANKSHARES, INC.

16.     Blue Ridge Bankshares, Inc. is a Virginia Corporation with a primary business address of 1801 Bayberry Ct. Ste. 101, Richmond, VA 23226.

17.     Blue Ridge's Virginia registered agent is Robert S. Janney, 12 S. Court St., Luray, VA, 22835.

18.     Blue Ridge is not registered to conduct business in the state of Florida and holds no licenses with the state of Florida.

## FACTUAL ALLEGATIONS

19.     Prior to November 2023, Mr. Taylor obtained a personal loan from an online lender known as Best Egg ("First Loan"), which operates from www.bestegg.com.

20.     The interest rate on the loan was 29.9%.

21.     Mr. Taylor also obtained another loan from Best Egg, in or around December 2021, in the amount of $4,800, at an interest rate of 29.9% ("Second Loan".)

22.     Both the First Loan and the Second Loan (jointly, the "Loans") were, supposedly, originated by Blue Ridge Bank in Virginia.

23.    The Loans meet the definitions of *Debt* under the FDCPA, 15 U.S.C. §1692a(5) and the FCCPA, § 559.55(6), Fla. Stat. as the proceeds of the Loans were used entirely for consumer and household purposes by Mr. Taylor.

24.    § 687.071(2), Fla. Stat. renders extensions of credit made at interest rates between 25 to 45 percent per year a second-degree misdemeanor.

25.    The interest rate of each of the loans exceeded 25%.

26.    § 687.071(7), Fla. Stat., indicates that any such extension of credit, and logically any debt stemming from such extension of credit, is void and unenforceable. *See also Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935) (criminally usurious loans are "void as against the public policy of the state as established by its Legislature.")

27.    Indeed, even the recovery of the principal balance made at usurious rates is impermissible under Florida law. *Rollins v. Odom*, 519 So. 2d 652, 656 (Fla. Dist. Ct. App. 1988).

28.    Because the Loans were subject to an interest rate greater than 25%, the balances concerning them are void *ab initio* and unenforceable under Florida law. *See Stubblefield v. Dunlap*, 148 Fla. 401, 4 So.2d 519 (1941); *Pushee v. Johnson*, 123 Fla. 305, 166 So. 847 (1936); *River Hills, Inc. v. Edwards*, 190 So.2d 415 (Fla. 2d DCA 1966). *Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935) (criminally usurious loans are "void as against the public policy of the state as established by its Legislature.")

29.    The balances on the Accounts are therefore *unlawful debts* per § 772.102(2)(a)(3), Fla. Stat.

30.    Any amount repaid on a usurious debt deemed void *ab initio* by state law constitutes unjust enrichment, even if less than the original amount of the loan. *See, e.g., Williams et al. vs. Big Picture Loans, LLC*, case 3:17-cv-461, E.D. Virginia, July 20, 2021.

## Marlette in Rent-a-Bank Scheme with Blue Ridge Bank

31.     Marlette is a subsidiary of Marlette Funding, LLC, a financial technology ("FinTech") company that operates the Best Egg lending platform.

32.     Many Best Egg loans are made at interest rates which exceed the maximum lawful rate of many states, including Florida.

33.     In states which allow for short-term loans with interest rates of up to 36%, Marlette typically makes loans under its own name.

34.     For example, it has a "Small Loan Company License" from New Mexico, license 02389, and makes loans in that state through its subsidiary, Marlette Marketing, LLC.

35.     In states with more-restrictive interest rate regulation, including Florida, Marlette loans through a "bank partnership" model, in which either Blue Ridge Bank or Cross River Bank serve as the lender of record, and supposedly underwrite and originate the loans.

36.     As state-chartered banks, Blue Ridge Bank and Cross River Bank (collectively, the "Banks") are not subject to foreign state interest rate limits pursuant to the National Bank Act.

37.     Thus, Blue Ridge Bank and Cross River Bank can export the interest rate of their home state pursuant to 12 U.S.C. § 1831d(a).

38.     However, Blue Ridge Bank are not the true lenders of Best Egg loans.

39.     Blue Ridge Bank had virtually nothing to do with loans they purportedly make utilizing Marlette's trademarked Best Egg platform, other than to lend its names and status as state-chartered banks to Marlette, a non-bank entity.

40.     These types of "partnerships," such as the ones between Marlette and Blue Ridge Bank, are referred to as "rent-a-bank" schemes.

2024CC-007591-0000-00        Received in Polk 09/06/2024 11:07 AM

41.     Marlette attempts to launder its loans through its bank partners like Blue Ridge Bank, claiming that it, and not Marlette, is the "true lender."

42.     However, because of the structure of the rent-a-bank arrangements between Marlette and Blue Ridge Bank, Marlette's capital is at risk, but none of Blue Ridge Bank's own money is actually at risk of loss if the loan defaults.

43.     Blue Ridge Bank is paid a small fee for each loan originated, each month an account remains active, each ACH payment received, and a series of other small fees – the "rent."

44.     Marlette holds one or more accounts at Blue Ridge Bank which it funds with its own capital.

45.     Funds from these accounts are then moved to an account owned by Blue Ridge Bank for loan proceeds to be disbursed to consumers.

46.     Almost immediately after this – usually, the next business day – Blue Ride Bank then sells the receivables to Marlette and dozens of other entities and shell companies, including several in the Cayman Islands, through a highly complex series of transactions.

47.     Some of the non-bank entities which become assignees of the loans originated "by" Blue Ridge Bank include Clover Consumer Loan Trust II, MTGLQ Investors, L.P., Exigent Consumer Credit Fund LP (a Cayman Islands based limited partnership), Marlette Funding Consumer Loan Trust, MPLI Capital Holdings, PML Trust I, QPB Holdings, Ltd., Theorem Main Master Fund LP, and Trallem Trust.

48.     Marlette remains the "servicer" of the loans but the principal and usurious interest collected from consumers like Mr. Taylor are disbursed to the myriad non-bank entities, not to Blue Ridge Bank.

2024CC-007591-0000-00        Received in Polk 09/06/2024 11:07 AM

49.    In other words, while Blue Ridge claims to originate the loans, it receives no benefit from the interest collected on the loans after origination, other than, possibly, a token amount of fees collected monthly as part of its "rent" payments.

50.    As part of their scheme, Marlette is required to ensure Blue Ridge Bank "can't lose" money on Best Egg customers and maintains a cash collateral account with Blue Ridge Bank, an alternative collateral account, and letters of credit which benefits Blue Ridge Bank.

51.    Indeed, consumers seeking to obtain a Best Egg are required to apply at www.bestegg.com, a website owned and maintained by Marlette, and not through Blue Ridge Bank's own website.

52.    Marlette, and not Blue Ridge Bank, reconciled the Accounts, posted payments and other credits to the Accounts, and provided periodic billing statements to Mr. Taylor.

53.    Marlette, and not Blue Ridge Bank, mailed periodic statements and emailed Mr. Taylor, using its address as the correspondence address.

54.    Marlette reported Mr. Taylor's First Loan to several major *Consumer Credit Reporting Agencies* ("CRAs"), including Experian Information Solutions, Inc. ("Experian"). **SEE PLAINTIFF'S EXHIBIT A**.

55.    When Marlette reported data about the December 2021 loan to Experian, it reported the creditor as "Best Egg, P.O. Box 42912, Philadelphia, PA 19101." *Id.*

56.    Notably, Blue Ridge Bank's name is nowhere in the credit reporting as a creditor, in full or in part. *Id.*

57.    Marlette, not Blue Ridge Bank, sells portfolios of charged-off consumer debt to third-party debt purchasers like defendant LVNV, and retained the funds for these purchases itself, and received payment for the sale of those charged-off receivables.

58.     According to Bills of Sale included as exhibits in lawsuits filed by LVNV against other consumers seeking judgment as assignee of various Best Egg debts, LVNV's parent company, Sherman Originator III LLC, purchases the receivables *from* Marlette Servicing, LLC, not from Blue Ridge Bank. **SEE PLAINTIFF'S EXHIBIT B.**

59.     Thus, Blue Ridge Bank was not the true lender of either of Mr. Taylor's Loans.

60.     As the entity with the predominant economic interest in loans made to consumers like Mr. Taylor, Marlette is the true lender of such accounts. *See Fulford v. Marlette Funding, LLC*, No. 17CV30376 and *Fulford v. Avant of Colorado, LLC*, No. 17CV30377 (Colo. Dist. Ct. Denver County Aug. 13, 2018).

61.     Any person who willfully makes a criminally usurious extension of credit forfeits the right to collect payment for the extension of credit because such extensions of credit are "void as against the public policy of the state as established by its Legislature." *Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935).

62.     Under Florida law, even the recovery of the principal balance on extensions of credit made with annual interest rates exceeding 25% is impermissible. *Rollins v. Odom*, 519 So. 2d 652, 656 (Fla. Dist. Ct. App. 1988).

63.     Florida has taken usury one step further in the consumer credit context through the passing of the Consumer Finance Act, § 516, Fla. Stat. (the "Act").

64.     The Act requires licensure and state oversight for lenders making loans, or other types of credit, to Florida consumers in the amount of $25,000 or less. § 516.02(1), Fla. Stat.

65.     The Act further restricts the interest and fees which may be charged by a licensed consumer finance company.

66.    § 516.02(c), Fla. Stat. indicates that any extension of credit which fails to comply with the Act is unenforceable in Florida *even if valid wherever made*.

67.    Thus, Florida has made clear that in order to enforce an extension of credit against a Florida resident, the creditor must be licensed in Florida and comply with the Consumer Finance Act.

68.    Marlette is not licensed as a Consumer Finance Company in Florida, although it is the true lender of the loan.

69.    Florida law applies since the loan agreements were signed in Florida, the loan proceeds were used exclusively in Florida, and payments to the accounts were made in Florida from a Florida checking account.

### LVNV's Attempts to Collect Unlawful Debt from Mr. Taylor

70.    Around November 2023, LVNV bought or was otherwise assigned the charged-off balance the Second Loan (the "Debt").

71.    LVNV then placed the account for collection with Resurgent Capital Services, the collection arm of LVNV.

72.    Resurgent and LVNV began reporting the Debt to several nationwide *Consumer Credit Reporting Agencies* ("CRAs") as collection accounts, including Experian, and has reported tradeline data to Experian as recently as July 2024. **SEE PLAINTIFF'S EXHIBIT C.**

73.    LVNV alleged in its reports that the Debt was a legitimate, enforceable debt, although it was not.

74.    LVNV has mailed collection letters to Mr. Taylor, attempting to collect the Debt from him.

75.    Mr. Taylor, a veteran of the United States Army who served in the Viet Nam War and is rated 100% disabled by the Veterans Administration ("VA"), paid LVNV at least $705 toward the null, void, usurious, and enforceable debt.

76.    The presence of LVNV's tradeline reporting on his credit report was a significant, if not the only, reason Mr. Taylor was denied a VA-backed home loan when he applied to finance a home for him and his wife in July 2024.

77.    Mr. Taylor has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## LVNV'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e

78.    Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

79.    LVNV violated **15 U.S.C. § 1692e** when it used misleading and deceptive means to attempt to collect a debt by attempting to collect the Debt from Mr. Taylor, a Florida resident, both in writing and via credit reporting, claiming the Best Egg loan balance, made by an unlicensed, non-bank entity, Marlette (and a considerable amount of the balance consisted of previously-assessed usurious interest) was a legal, valid, and enforceable debt, when the balance were null, void, and unenforceable under Florida law.

80.    LVNV's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Taylor respectfully requests that this Honorable Court enter judgment against LVNV for:

a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## LVNV'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

81.    Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

82.    LVNV violated **15 U.S.C. § 1692e(10)** when it used misleading and deceptive means to attempt to collect a debt by attempting to collect the Debts from Mr. Taylor, a Florida resident, both in writing and via credit reporting, claiming the Best Egg loan balance, made by an unlicensed, non-bank entity, Marlette (and a considerable amount of the balance consisted of previously-assessed usurious interest) was a legal, valid, and enforceable debt, when the balance were null, void, and unenforceable under Florida law.

83.    LVNV's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Taylor respectfully requests that this Honorable Court enter judgment against LVNV for:

a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT III
## LVNV'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(2)(a)

84.    Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

85.    LVNV violated **15 U.S.C. § 1692e(2)(a)** when it made a false representation about the character, amount and/or legal status of a debt by attempting to collect (as well as actually collecting) from Mr. Taylor, a Florida resident, both in writing and via credit reporting, the Best Egg loan balance, made by an  unlicensed, non-bank entity, Marlette (and a considerable amount

of the balance consisted of previously-assessed usurious interest) was a legal, valid, and enforceable debt, when the balance were null, void, and unenforceable under Florida law.

86.    LVNV's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Taylor respectfully requests that this Honorable Court enter judgment against LVNV for:

a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.    Such other relief that this Court deems just and proper.

**COUNT IV**
**LVNV'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(8)**

87.    Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

88.    LVNV violated **15 U.S.C. § 1692e(8)** when it communicated credit information which was false, and which LVNV knew, or should have known was false, to wit, that the Debt from an unlicensed, non-bank entity, Marlette – a balance which contained a considerable amount of previously-assessed usurious interest – was a legal, valid, and enforceable debt, and that Mr. Taylor thus actually owed the balances on the Account, when he did not owe it as it was null, void and unenforceable against him pursuant to Florida law.

89.    LVNV's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Taylor respectfully requests that this Honorable Court enter judgment against LVNV for:

a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

Page **12** of **22**

d.      Such other relief that this Court deems just and proper.

## COUNT V
## LVNV'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692f(1)

90.     Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

91.     LVNV violated **15 U.S.C. § 1692f(1)** when it attempted to collect amounts not authorized by contract or law – to wit, the balance on the Debt – from Mr. Taylor through written demands and credit reporting, when the purported balance owed was null, void, and unenforceable under Florida law.

92.     LVNV's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Taylor respectfully requests that this Honorable Court enter judgment against LVNV for:

a.      Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper.

## COUNT VI
## DEFENDANT'S JOINT & SEVERAL VIOLATIONS
## OF THE CRCPA, § 772.103(3), FLA. STAT.

93.     Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

94.     Marlette, Blue Ridge and LVNV's association (in addition to Marlette's and LVNV's related entities), in the described "rent-a-bank" scheme forms an "enterprise" within the meaning of **§ 772.103(3), Fla. Stat.**,

95.     Marlette, Blue Ridge and LVNV each associated with and participated in the affairs of the enterprise, which existed for the purpose of collection of unlawful debts.

96.     Marlette, Blue Ridge and LVNV violated **§ 772.103(3), Fla. Stat.**, by participating in the enterprise and causing Plaintiff to repay amounts on the unlawful extensions of credit received by Marlette.

97.     Defendants' knowledge of the illegality of the making and collection of the Best Egg loans to Mr. Taylor is evident from Marlette's choice to conduct business under a "rent-a-bank" scheme in Florida.

**WHEREFORE,** Mr. Taylor respectfully requests this Honorable Court enter judgment against Marlette, Blue Ridge, and LVNV, ordering:

a.      Threefold the amount of actual damages, or in the alternate, the statutory minimum of $200, whichever is greater, pursuant to § 772.104(1), Fla. Stat.;

b.      Reasonable costs and attorneys' fees pursuant to § 772.104(1), Fla. Stat.; and,

c.      Any other relief this Court deems equitable and proper under the circumstances.

### COUNT VII
### DEFENDANT'S JOINT & SEVERAL VIOLATIONS
### OF THE CRCPA, § 772.103(4), FLA. STAT.

98.     Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

99.     Marlette, Blue Ridge and LVNV violated **§ 772.103(4), Fla. Stat.**, when as an enterprise they conspired with each other, as well as likely dozens of other related entities and shell companies, to issue and collect unlawful debts through the Best Egg platform.

100.    Marlette and Blue Ridge were aware of the goals of the enterprise and took actions in furtherance of the conspiracy, by making the two Best Egg loans to Mr. Taylor and, in the case of Blue Ridge, accepting payment for doing nothing more than providing legal cover to the racketeering enterprise.

101.    LVNV was aware of the goals of the enterprise and took actions in furtherance of the conspiracy, by paying Marlette (not Blue Ridge Bank) for the rights to the unlawful debt with the intention of collecting the unlawful balance.

102.    Marlette, through their continued operation of the rent-a-bank scheme with Blue Ridge Bank (as well as other similar banks), evidences its agreement to participate in the conspiracy and to the overall objective of the conspiracy – to make and collect unlawful debts through the Best Egg platform.

103.    Defendants' knowledge of the illegality of the making and collection of the Best Egg loans to Mr. Taylor is evident from Marlette's choice to conduct business under a "rent-a-bank" scheme in Florida.

**WHEREFORE,** Mr. Taylor respectfully requests this Honorable Court enter judgment against Marlette, Blue Ridge, and LVNV, jointly and severally, ordering:

a.    Threefold the amount of actual damages, or in the alternate, the statutory minimum of $200, whichever is greater, pursuant to § 772.104(1), Fla. Stat.;

b.    Reasonable costs and attorneys' fees pursuant to § 772.104(1), Fla. Stat.; and,

c.    Any other relief this Court deems equitable and proper under the circumstances.

### COUNT VIII
### DEFENDANTS' JOINT & SEVERAL VIOLATIONS OF THE
### FCCPA, § 559.72(9), FLA. STAT.

104.    Mr. Taylor adopts and incorporates paragraphs 1 – 77 as if fully stated herein.

105.    The Defendants violated **§ 559.72(9), Fla. Stat.**, when they asserted the existence of a legal right which does not exist, specifically the right to collect Mr. Taylor's Best Egg loans, when they collected and attempted to collect the Debts, when no such legal right existed as the

Page **15** of **22**

loans were illegitimate and unenforceable due to the application of interest rates in excess of 25% per annum, in violation of § 687.071, Fla. Stat.

106.    The Defendants violated **§ 559.72(9), Fla. Stat.**, when they asserted rights which do not exist, specifically, the right to collect proceeds from Mr. Taylor, when the debts were not legally owed as they were void *ab initio* pursuant to Florida law.

107.    The Defendants are all in possession of the documents related to Mr. Taylor's loans and thus knew, or should have known, that the loans each contained an illegal interest rate under Florida law.

108.    The Defendants' knowledge is evinced by their business model, whereby Marlette "launders" loans through Blue Ridge Bank, Cross River Bank, and others.

109.    The Defendants' actions were willful, intentional, and done for the express purpose of collecting unenforceable debts from Mr. Taylor and profiting from them.

**WHEREFORE,** Mr. Taylor respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, for:

a.    Statutory damages of **$1,000.00** pursuant to § 559.77(2), Fla. Stat.;

b.    Actual damages pursuant to § 559.77(2), Fla. Stat.;

c.    Injunctive relief preventing the Defendants from attempting to collect the alleged balances on the Accounts from Mr. Taylor pursuant to § 559.77(2), Fla. Stat.;

d.    Reasonable costs and attorney's fees pursuant to § 559.77(2) Fla. Stat.; and,

e.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Taylor hereby demands a trial by jury on all issues so triable.


Respectfully submitted on **September 6, 2024**, by:

**SERAPH LEGAL, P. A.**
*/s/ Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No.: 1032167
CCok@SeraphLegal.com
*Lead Counsel for Plaintiff*

*/s/ Thomas M. Bonan*
Thomas M. Bonan Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com
*Counsel for Plaintiff*

2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705

**ATTACHED EXHIBIT LIST**
A    Mr. Taylor's Experian Consumer Disclosure, August 23, 2024, First Loan Tradeline - Excerpt
B    Bill of Sale filed As Exhibit by LVNV in Debt Collection Case Against a Consumer
C    Mr. Taylor's Experian Consumer Disclosure, August 23, 2024, LVNV Tradeline - Excerpt

2024CC-007591-0000-00        **Received in Polk 09/06/2024 11:07 AM**

# EXHIBIT A
## Mr. Taylor's Experian Consumer Disclosure, August 23, 2024
## First Loan Tradeline - Excerpt



**2024CC-007591-0000-00**        **Received in Polk 09/06/2024 11:07 AM**

# EXHIBIT A
## Mr. Taylor's Experian Consumer Disclosure, August 23, 2024
## First Loan Tradeline - Excerpt



2024CC-007591-0000-00          Received in Polk 09/06/2024 11:07 AM

# EXHIBIT B
## Bill of Sale filed As Exhibit by LVNV in
## Debt Collection Case Against a Consumer

ELECTRONICALLY FILED - 2022 Dec 22 3:04 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2306821

**BILL OF SALE**

**DATED AS OF THE CLOSING DATE**

Seller(s) listed below (each a "Seller" and, collectively the "Sellers"), for value received and pursuant to the Forward Flow Account Purchase Agreement, dated as of May 21, 2018 (the "Agreement"), between Marlette Servicing LLC, as Servicer on behalf of Sellers identified therein, and Sherman Originator III LLC as buyer, hereby assign(s), effective as of the Closing Date(s) listed on the Attachment hereto, all rights, title and interest of Seller(s) (and including for the avoidance of doubt, all rights, title and interest of the trustee or other agent of each Seller listed on the Attachment, if any, not in their individual capacities, but solely in their capacity of trustee or other agent of the Seller, who is holding legal title to the Accounts for the benefit of the Seller in such capacity) in and to those Accounts listed on the Attachment and identified in the attached loan file(s).  Capitalized terms used herein and not otherwise defined shall have the meanings scribed to such terms in the Agreement.

SELLER(S):

Blackthorn 2018-A
CI. Trust II
Clover Consumer Loan Trust II
Cross River Bank
Customers Bank
Delaware Loan Purchase Trust - I
Exigent Consumer Credit Fund LP
Goldman Sachs Bank USA
Hudson River Trust 2017-2
Hudson River Trust 2017-4
Loan Asset Issuer II LLC, Series 2020-1
MAPT 2019-09A
MAPT 2019-11A
MAPT 2019-12A
MAPT 2020-1A
Marion Center Bank
Marlette Funding Consumer Loan Trust
Marlette Funding Grantor Trust 2017-1
Marlette Funding Grantor Trust 2017-2
Marlette Funding Grantor Trust 2017-3
Marlette Funding Grantor Trust 2018-1
Marlette Funding Grantor Trust 2018-2
Marlette Funding Grantor Trust 2018-3
Marlette Funding Grantor Trust 2018-4
Marlette Funding Grantor Trust 2019-1
Marlette Funding Grantor Trust 2019-2
Marlette Funding Grantor Trust 2019-3
Marlette Funding Grantor Trust 2019-4
Marlette Funding Grantor Trust 2020-1
Marlette Funding Grantor Trust 2020-2
Marlette Funding Trust
MPL Trust I

1

# EXHIBIT B
## Bill of Sale filed As Exhibit by LVNV in
## Debt Collection Case Against a Consumer

ELECTRONICALLY FILED - 2022 Dec 22 8:04 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2306821

MPLI Capital Holdings
PML Trust I
QPB Holdings LTD
Theorem Main Master Fund LP
Trallem Trust

By:     Marlette Servicing, LLC,
        as Attorney in Fact

By:     *Jason Swift*

Title: President

Date: As of the Closing Date listed on the Attachment

2

2024CC-007591-0000-00        **Received in Polk 09/06/2024 11:07 AM**

# EXHIBIT C
## Mr. Taylor's Experian Consumer Disclosure, August 23, 2024
## LVNV Tradeline - Excerpt



2024CC-007591-0000-00          Received in Polk 09/06/2024 11:07 AM